UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIRL SCOUTS OF THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BOY SCOUTS OF AMERICA, <br><br> Defendant. | Case No. 1:18-cv-10287 (AKH) |

## ANSWER

Defendant Boy Scouts of America (the "BSA") is one of the most iconic non-profit organizations in the United States, with more than 100 years of history as the nation's foremost program of character development and values-based leadership training.  The BSA has been using its registered and common law trademarks in SCOUTS and SCOUTING (among other marks) in connection with services for boys *and* girls for nearly 50 years.  Despite this longstanding, wide-spread use, Plaintiff Girl Scouts of the United States of America ("GSUSA") now seeks to prohibit the BSA from calling its own members SCOUTS—simply because the BSA has begun welcoming girls into two more of its youth programs.  Thus, the core of GSUSA's case goes to the question of whether the BSA's use of its SCOUTS and SCOUTING marks in connection with offering services to all young people (as it has done for decades) somehow now infringes or dilutes GSUSA's rights in its GIRL SCOUTS-related marks.  It does not.

Moreover, the BSA's decision to expand all of its program offerings to girls came after years of requests from families who wanted the option of the BSA's character and leadership development programs for all of their children, both boys and girls.  The step of welcoming girls

into all of the BSA's programs aligns the organization's offerings with the needs of today's families, who are busier than ever and want their daughters and sons to be able to participate in activities together.  The BSA applauds every organization that builds character and leadership in children, including GSUSA, and believes that there is an opportunity for both organizations to serve girls and boys in local communities.

The BSA, by and through its undersigned counsel, for its Answer to the Complaint filed against it by GSUSA, states as follows:

## <u>INTRODUCTION</u>

1.     The BSA admits that the GSUSA has for many years provided a leadership program for girls, that millions of girls have participated in those programs and that the program goals are generally as stated in the second sentence of Paragraph 1.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3.     The BSA avers that it has long offered programs aimed at boys under the BOY SCOUTS trademark, and that the BOY SCOUTS trademark is a symbol of youth development programs that has been used for more than century.  The BSA admits that the BSA uses the term SCOUTS alone as a mark.  The BSA denies that GSUSA uses the term SCOUTS alone as a mark, and in fact, GSUSA has specifically instructed its professionals and volunteers not to do so.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4.     The BSA denies the allegations of Paragraph 4 of the Complaint.

5.      The BSA denies the  allegations of Paragraph 5 of the Complaint.

6.      The BSA denies that GSUSA has been damaged by any of the BSA's uses of the BSA's own trademarks, or that the BSA has engaged in any alleged misconduct, and avers that the BSA has worked proactively to differentiate its unique program offerings, and that any time the BSA has been made aware of an alleged concern of potential confusion, the BSA has immediately taken appropriate action.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and therefore denies them.

7.      The BSA admits that GSUSA has the right to use the trademark "GIRL SCOUTS."  The BSA denies that it lacks the right to use its own SCOUTS mark in connection with services for girls, which it has been doing for nearly 50 years, and further avers that GSUSA has specifically instructed that its members should not be called SCOUTS alone, but rather should only be called GIRL SCOUTS.  The BSA denies that it is using GSUSA's intellectual property, and further denies the remaining allegations of Paragraph 7 of the Complaint.

## THE PARTIES

8.      The BSA admits the allegations of Paragraph 8 of the Complaint.

9.      The BSA admits the allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     The allegations of Paragraph 10 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 10 of the Complaint.

11.     The allegations of Paragraph 11 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 11 of the Complaint.

12.     The allegations of Paragraph 12 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 12 of the Complaint.

13.     The allegations of Paragraph 13 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 13 of the Complaint.

14.     The allegations of Paragraph 14 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 14 of the Complaint.

15.     The allegations of Paragraph 15 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 15 of the Complaint.

16.     The allegations of Paragraph 16 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 16 of the Complaint.

## **FACTUAL BACKGROUND**

17.     The BSA admits the first sentence of Paragraph 17 and that GSUSA's mission is as stated in the last sentence of Paragraph 17.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18.     The BSA admits that many millions of American women have participated in the GIRL SCOUTS program.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19.     The BSA admits that Girl Scouts have been able to earn various badges over a broad ranges of skills and topics, that Girl Scouts have been able to participate in a variety of skill-based programs, and that Girl Scouts have been able to participate in the Girl Scout Cookie Program.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20.     The BSA admits the first and second sentences of Paragraph 20.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22.     The BSA admits that girls may sign up for GSUSA by filling out forms online or in person.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23.     The BSA admits the last sentence of Paragraph 23.   The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25.     The text of 36 U.S.C § 80305, a federal statute, speaks for itself.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26.     The BSA admits Serial No. 89/000,078 exists in the PTO's search records.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27.     The BSA admits that GSUSA holds multiple trademark registrations for its GIRL SCOUTS trademark, and that the text of those registrations speak for themselves, and avers that GSUSA does not hold any trademark registrations for SCOUT, SCOUTS or SCOUTING alone, without the word GIRL immediately preceding it.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint and therefore denies them.

28.     The BSA denies that GSUSA has trademark rights in the marks SCOUTS or SCOUTING alone, based in part on the facts that (1) GSUSA has specifically instructed its professionals and volunteers not to use such marks, and (2) GSUSA does not hold any trademark registrations for SCOUT, SCOUTS or SCOUTING alone, without the word GIRL immediately preceding it.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and therefore denies them.

29.     The BSA admits that the GIRL SCOUTS trademark has been used in various media in the United States, including at www.girlscouts.org.  The BSA is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint and therefore denies them.

30.     The allegations of Paragraph 30 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, the BSA denies the allegations of Paragraph 30 of the Complaint.

31.     The BSA admits that GSUSA has always offered its services and programs to girls.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and therefore denies them.

32.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33.     The BSA admits that it is a congressionally chartered corporation, and avers that it provides youth development services and programs for boys and girls under the BOY SCOUTS trademark and other BSA trademarks, which are offered through local councils licensed to use such trademarks.  The BSA otherwise denies the allegations of Paragraph 33 of the Complaint.

34.     The BSA admits that its congressional charter, 36 U.S.C. § 30902, reads in part that the purpose is "to promote, through organization, and cooperation with other agencies, the ability of boys to do things for themselves and others, to train them in scoutcraft, and to teach them patriotism, courage, self-reliance, and kindred virtues, using the methods that were in common use by boy scouts on June 15, 1916."

35.     The BSA admits that both it and the GSUSA are congressionally chartered, and that it is not endorsed or sponsored by, or affiliated with, GSUSA.  The BSA is without

knowledge or information sufficient to form a belief as to the truth of the rest allegations contained in Paragraph 35 of the Complaint and therefore denies them.

36.     The BSA admits that the parties have coexisted in the market place for decades. The BSA admits that it has offered youth development services and programs using the "SCOUT," "SCOUTS," and "SCOUTING" trademarks for both boy members and girl members of its programs for many decades and continues to do so today, both with and without the word BOY preceding those marks.  The BSA denies the remaining allegations of Paragraph 36 of the Complaint, and specifically denies that GSUSA uses the "SCOUT," "SCOUTS" and "SCOUTING" trademarks alone, in part due to the fact that GSUSA instructs its professionals and volunteers not to do so.

37.     The BSA admits that GSUSA has always offered its services to girls, that the BSA has offered services to boys since 1910, and that the BSA has offered services to both boys and girls since 1971 in connection with its trademarks.  The BSA admits that the statements in the two websites referenced in the footnote to Paragraph 37 were made by the BSA or its representatives in 2016 and that the statements in the Petition for Writ of Certiorari referenced in the footnote to Paragraph 37 were made by the BSA or its representatives in 1999, but denies that the BSA holds these beliefs today.  The BSA otherwise denies the allegations of Paragraph 37 of the Complaint.

38.     The content of the filing attached as Exhibit B speaks for itself.  The BSA otherwise denies the allegations of Paragraph 38 of the Complaint.

39.     The content of the filing attached as Exhibit C speaks for itself.  The BSA otherwise denies the allegations of Paragraph 39 of the Complaint.

40.     The BSA avers that: it has offered numerous programs for both girls and boys under its various trademarks for decades, including but not limited to the marks EXPLORER, SEA SCOUTS, STEM SCOUTS (pilot program) and VENTURING; all of these co-ed programs also use the SCOUT and SCOUTING marks alone in various contexts; information about these programs has been located at www.scouting.org for many years; and the uniforms, accessories and handbooks for these programs are available at www.scoutshop.org.  The BSA specifically denies that it has not used the marks SCOUT and SCOUTING alone in connection with programs for girls, and otherwise denies the remaining allegations of Paragraph 40 of the Complaint.

41.     The content of the letter attached as Exhibit D speaks for itself.  The BSA otherwise denies the allegations of Paragraph 41 of the Complaint.

42.     The content of the letter attached as Exhibit E speaks for itself.  The BSA otherwise denies the allegations of Paragraph 42 of the Complaint.

43.     The BSA denies the allegations of Paragraph 43 of the Complaint.

44.     The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, and further avers that local councils, units and leaders are authorized by those charters to offer the BSA's programs in accordance with their charter, bylaws, and registration in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 44 of the Complaint.

45.     The content of the document attached as Exhibit F, which the BSA published, speaks for itself.  The BSA otherwise denies the allegations of Paragraph 45 of the Complaint.

46.     The content of the document attached as Exhibit G, which the BSA published, speaks for itself.  The BSA otherwise denies the allegations of Paragraph 46 of the Complaint.

47.     The BSA admits that it issues charters to local councils and that the local councils properly identified in the Complaint are chartered by the BSA, and further admits that local councils, members and leaders pay charter or registration fees to the BSA.  The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 47 of the Complaint.

48.     The content of the letter attached as Exhibit G, which the BSA authored, speaks for itself.  The BSA otherwise denies the allegations of Paragraph 48 of the Complaint.

49.     The BSA avers that it is currently welcoming girls into two more of its programs, and that such programs utilize the BSA trademarks, including the SCOUTS and SCOUTING marks.  The content of the website attached as Exhibit H speaks for itself.  The BSA otherwise denies the allegations of Paragraph 49 of the Complaint.

50.     The BSA avers that it recently announced a new SCOUT ME IN campaign, and that it uses the BSA family of trademarks in connection with its Cub Scouts and Boy Scouts programs.  The content of the BSA press release attached as Exhibit I speaks for itself.  The BSA otherwise denies the allegations of Paragraph 50 of the Complaint.

51.     The BSA admits that SCOUTS BSA is the name of the BSA's program for youth between the ages of 11 and 17.  The contents of the BSA publication attached as Exhibit J speaks for itself.  The BSA otherwise denies the allegations of Paragraph 51 of the Complaint.

52.    The BSA admits that it has distributed marketing materials (including print and video) referring to both girl members and boy members as Scouts, consistent with the BSA's family of trademarks and its Language of Scouting.

53.    The BSA admits that it has filed trademark applications that build upon the BSA's existing brand, including but not limited to applications for the SCOUTS BSA marks (Serial No. 87/906,567 and 87/906,407) and for the SCOUT LIFE mark (Serial No. 87/882,226),which applications speak for themselves.  The BSA otherwise denies the allegations of Paragraph 53.

54.    The BSA admits the allegations of Paragraph 54 of the Complaint, and avers that the text of its SCOUT registration speaks for itself.

55.    The BSA denies the allegations of Paragraph 55 of the Complaint.

56.    The BSA denies the allegations of Paragraph 56 of the Complaint.

57.    The BSA denies that it authorized the material referenced in Paragraph 57 of the Complaint, the contents of which speak for itself.  The BSA otherwise denies the allegations of Paragraph 57 of the Complaint.

58.    The BSA denies that it authorized the material referenced in Paragraph 58 of the Complaint, the contents of which speak for itself.  The BSA further avers that a local GSUSA representative specifically requested, approved or condoned this material. The BSA otherwise denies the allegations of Paragraph 58 of the Complaint.

59.    The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59  of the Complaint and therefore denies them.

60.    The BSA denies that it authorized the material referenced in Paragraph 60 of the Complaint, the contents of which speak for itself.  The BSA further avers that the public sign referenced in Paragraph 60 of the Complaint refers to both the BSA and to the GSUSA (not to

girl members of the BSA).  The BSA otherwise denies the allegations of Paragraph 60 of the Complaint.

61.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and therefore denies them.

62.     The BSA denies that it authorized the material referenced in Paragraph 62 of the Complaint, the contents of which speak for itself.  The BSA otherwise denies the allegations of Paragraph 62 of the Complaint.

63.     The BSA denies that it authorized the material referenced in Paragraph 63 of the Complaint, the contents of which speak for itself.  The BSA otherwise denies the allegations of Paragraph 63 of the Complaint.

64.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies them.

65.     The BSA denies that it authorized the material referenced in Paragraph 65 of the Complaint, the contents of which speak for itself.  The BSA further avers that local GSUSA representatives specifically requested, approved or condoned this material, which references GSUSA, not girl members of the BSA. The BSA otherwise denies the allegations of Paragraph 65 of the Complaint.

66.     The BSA denies that it authorized the material referenced in Paragraph 66 of the Complaint, the contents of which speak for itself.  As to the programming in Chicago, the BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore denies them.  The BSA otherwise denies the remaining allegations of Paragraph 66 of the Complaint.

67.     The BSA admits that approximately four years ago, the image referenced in Exhibit 8 appeared in the BSA's Brand Center.  The BSA otherwise denies the remaining allegations of Paragraph 67 of the Complaint.

68.     The contents of the BSA correspondence attached as Exhibit K speaks for itself. The BSA otherwise denies the remaining allegations of Paragraph 68 of the Complaint.

69.     The BSA admits that Exhibit L contains true and accurate copies of correspondence received by the BSA from GSUSA.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit L or the remaining allegations contained in Paragraph 69 of the Complaint and therefore denies them. The BSA further denies that it has engaged in any unfair business practices.

70.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore denies them.

71.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies them.

72.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies them.

73.     The BSA admits that a third party agency, without authorization from the BSA, added the term GIRL SCOUT to a list of advertising keywords, and that after GSUSA complained, the keywords were removed. The BSA denies the remaining allegations of Paragraph 73 of the Complaint.

74.     The BSA denies the allegations of Paragraph 74 of the Complaint.

75.     The BSA denies the allegations of Paragraph 75 of the Complaint.

76.     The BSA denies the allegations of Paragraph 76 of the Complaint.

77.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and therefore denies them.

78.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and therefore denies them.

79.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore denies them.

80.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore denies them.

81.     The BSA denies that it authorized the material referenced in Paragraph 81 of the Complaint, the contents of which speak for itself.  The BSA otherwise denies the remaining allegations of Paragraph 81 of the Complaint.

82.     The BSA denies that it authorized the wording in the material referenced in Exhibits N and O of the Complaint, the contents of which speak for themselves.  The BSA otherwise denies the remaining allegations of Paragraph 82 of the Complaint.

83.     The BSA denies the allegations of Paragraph 83 of the Complaint.

84.     The BSA denies the allegations of Paragraph 84 of the Complaint.

85.     The BSA denies the allegations of Paragraph 85 of the Complaint.

86.     The BSA admits that it has received some unfavorable publicity, but avers that it has also received positive publicity for having adopted some of the strongest youth protection policies that can be found in any youth serving organization, including: ongoing mandatory youth protection education for all volunteers, parents, and Scouts; a formal leader selection process that includes criminal background checks and other screening efforts; as well as policies and procedures mandating a "two-deep" leadership policy, which requires at least two adults be

14

present with youth at all times; prompt mandatory reporting to the authorities of any allegation or suspicion of abuse; and, a database system that is recommended by experts to prevent individuals from re-registering in Scouting who were removed because they do not meet the BSA's standards or because of known or suspected abuse or other misconduct, either inside or outside the organization.  The BSA denies that any such BSA publicity, either positive or negative, has been associated with the GSUSA.  The BSA otherwise denies the remaining allegations of Paragraph 86 of the Complaint.

87.     The BSA denies the allegations of Paragraph 87 of the Complaint.

88.     The BSA denies the allegations of Paragraph 88 of the Complaint.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

89.     The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

90.     The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore denies them.

91.     The BSA denies the allegations of Paragraph 91 of the Complaint.

92.     The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, and further avers that local councils, units and leaders are authorized by those charters to offer the BSA's programs in accordance with their charter, bylaws, and registration in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 92 of the Complaint.

93.     The BSA denies the allegations of Paragraph 93 of the Complaint.

94.     The BSA admits that the BSA is not affiliated or associated with GSUSA.  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 of the Complaint and therefore denies them.

95.     The BSA denies the allegations of Paragraph 95 of the Complaint.

96.     The BSA denies the allegations of Paragraph 96 of the Complaint.

97.     The BSA denies the allegations of Paragraph 97 of the Complaint.

98.     The BSA denies the allegations of Paragraph 98 of the Complaint.

99.     The BSA denies the allegations of Paragraph 99 of the Complaint.

100.    The BSA denies the allegations of Paragraph 100 of the Complaint.

## SECOND CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

101.    The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

102.    The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and therefore denies them.

103.    The BSA denies the allegations of Paragraph 103 of the Complaint.

104.    The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, and further avers that local councils, units and leaders are authorized by those charters to offer the BSA's programs in accordance with their charter, bylaws, and registration in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 104 of the Complaint.

105.    The BSA denies the allegations of Paragraph 105 of the Complaint.

106.    The BSA admits that the BSA is not affiliated or associated with GSUSA. The BSA further avers that the parties have participated in countless joint events for many decades, including with GSUSA's consent or at GSUSA's initiative, and that GSUSA itself has made various efforts to draw associations between itself and the BSA in order to trade off of the BSA's good name and reputation, including by claiming that "[t]he Girl Scout Gold Award is the highest and most prestigious award in Girl Scouting, comparable to the Boy Scouts of America's Eagle        Scout."        https://www.girlscouts.org/content/dam/girlscouts-gsusa/forms-and-documents/about-girl-scouts/advocacy/2016_Girl_Scout_Gold_Award_fact_sheet.pdf        (last visited February 5, 2019).  The BSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the Complaint and therefore denies them.

107.    The BSA denies the allegations of Paragraph 107 of the Complaint.

108.    The BSA denies the allegations of Paragraph 108 of the Complaint.

109.    The BSA denies the allegations of Paragraph 109 of the Complaint.

110.    The BSA denies the allegations of Paragraph 110 of the Complaint.

111.    The BSA denies the allegations of Paragraph 111 of the Complaint.

112.    The BSA denies the allegations of Paragraph 112 of the Complaint.

### THIRD CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C)

113.    The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

114.    The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and therefore denies them.

115.    The BSA denies the allegations of Paragraph 115 of the Complaint.

116.    The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, and further avers that local councils, units and leaders are authorized by those charters to offer the BSA's programs in accordance with their charter, bylaws, and registration in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 116 of the Complaint.

117.    The BSA denies the allegations of Paragraph 117 of the Complaint.

118.    The BSA denies the allegations of Paragraph 118 of the Complaint.

119.    The BSA denies the allegations of Paragraph 119 of the Complaint.

120.    The BSA denies the allegations of Paragraph 120 of the Complaint.

121.    The BSA denies the allegations of Paragraph 121 of the Complaint.

## FOURTH CAUSE OF ACTION

### MODIFICATION OR PARTIAL CANCELLATION OF REGISTRATION

122.    The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

123.    The BSA admits that it owns the U.S. trademark registration for the SCOUT mark (Reg. No. 4,865,183).  The BSA denies the remaining allegations of Paragraph 123 of the Complaint.

124.    The BSA denies the allegations of Paragraph 124 of the Complaint.

125.    The BSA denies the allegations of Paragraph 125 of the Complaint.

126.    The BSA denies the allegations of Paragraph 126 of the Complaint.

## FIFTH CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND PASSING OFF

127.    The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

128.    The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint and therefore denies them.

129.    The BSA denies the allegations of Paragraph 129 of the Complaint.

130.    The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, and further avers that local councils, units and leaders are authorized by those charters to offer the BSA's programs in accordance with their charter, bylaws, and registration in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 130 of the Complaint.

131.    The BSA denies the allegations of Paragraph 131 of the Complaint.

132.    The BSA denies the allegations of Paragraph 132 of the Complaint.

133.    The BSA denies the allegations of Paragraph 133 of the Complaint.

## SIXTH CAUSE OF ACTION

### TRADEMARK DILUTION UNDER NEW YORK GENERAL BUSINESS LAW § 360-L

134.    The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

135.    The BSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and therefore denies them.

136.    The BSA denies the allegations of Paragraph 136 of the Complaint.

137.     The BSA avers that its local councils are authorized to use the BSA family of trademarks by virtue of charters and bylaws granted by the BSA, and further avers that local councils, units and leaders are authorized by those charters to offer the BSA's programs in accordance with their charter, bylaws, and registration in accordance with the applicable publications of the BSA.  The BSA otherwise denies the allegations of Paragraph 137 of the Complaint.

138.     The BSA denies the allegations of Paragraph 138 of the Complaint.

139.     The BSA denies the allegations of Paragraph 139 of the Complaint.

## SEVENTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

140.     The BSA incorporates by reference its answers to every allegation above as if fully restated herein.

141.     The BSA admits the allegations of Paragraph 141 of the Complaint.

142.     The BSA denies the allegations of Paragraph 142 of the Complaint.

143.     The BSA denies the allegations of Paragraph 143 of the Complaint.

144.     The BSA denies the allegations of Paragraph 144 of the Complaint.

145.     The BSA denies the allegations of Paragraph 145 of the Complaint.

## PRAYER FOR RELIEF

The BSA denies that GSUSA is entitled to any of the relief demanded in the Prayer for Relief.  The BSA respectfully requests a judgment in its favor and dismissing Plaintiff's Complaint in its entirety with prejudice.  The BSA reserves the right to seek all fees and costs, including but not limited to reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1117(a), pre- and post-judgment interest to the fullest extent available, and any other and further relief as the Court deems just, equitable and proper.

## <u>AFFIRMATIVE DEFENSES</u>

The BSA reserves the right to amend its defenses or assert additional defenses as warranted by discovery in this action.

### FIRST DEFENSE
### (<u>FAILURE TO STATE A CAUSE OF ACTION</u>)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (<u>FIRST AMENDMENT</u>)

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the First Amendment to the United States Constitution and by the Constitution of the State of New York and other states, including because Plaintiff's claims infringe upon the BSA's right to freedom of association in connection with its extant trademark rights.

### THIRD DEFENSE
### (<u>STANDING</u>)

Plaintiff's claims are barred, in whole or in part, for lack of standing to the extent they are based on alleged infringement of marks for which Plaintiff does not or did not own or control the exclusive right allegedly infringed at the time of the alleged infringement.  Plaintiff does not use the marks SCOUT, SCOUTS, or SCOUTING alone in connection with its programs.  Plaintiff has also repeatedly and publicly instructed its volunteers and professionals not to use the marks SCOUT, SCOUTS, or SCOUTING alone without the "GIRL" prefix, including because the BSA has rights in these marks.

### FOURTH DEFENSE
### (<u>ABANDONMENT</u>)

Some of the trademarks on which Plaintiff relies, including SCOUT, SCOUTS and SCOUTING, have been forfeited or abandoned by Plaintiff.  For many years, Plaintiff has

repeatedly and publicly instructed its volunteers and professionals not to use the marks SCOUT, SCOUTS, or SCOUTING alone without the "GIRL" prefix, including because the BSA has rights in these marks.

**FIFTH DEFENSE**
**(<u>LACHES</u>)**

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the doctrines of laches, including because the BSA has been using its family of trademarks (including SCOUT, SCOUTS, SCOUTING) in connection with services for girls for nearly 50 years, including but not limited to the BSA's co-ed Exploring, Venturing, Sea Scouts, and STEM Scouts programs.  Although Plaintiff knew or should have known of the BSA's use of these marks in connection with programs for girls for decades, Plaintiff slept on its purported rights until now, and any such enforcement would prejudice the BSA.

**SIXTH DEFENSE**
**(<u>WAIVER, ESTOPPEL, ACQUIESCENCE</u>)**

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the doctrines of waiver, estoppel or acquiescence.  The BSA has been using its family of trademarks (including SCOUT, SCOUTS, SCOUTING) in connection with services for girls for nearly 50 years, including but not limited to the BSA's co-ed Exploring, Venturing, Sea Scouts, and STEM Scouts programs.  However, Plaintiff knowingly and intentionally has slept on its purported rights until now and has repeatedly and publicly instructed its volunteers and professionals not to use the marks SCOUT, SCOUTS, or SCOUTING alone without the "GIRL" prefix, including because the BSA has rights in these marks, and any such enforcement would prejudice the BSA. Moreover, certain other alleged references to these marks were authorized, approved, or

condoned by Plaintiff's representatives, and Plaintiff intentionally relinquished any purported rights.

### SEVENTH DEFENSE
### (TRADEMARK MISUSE)

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, because Plaintiff has engaged in trademark misuse.  Plaintiff does not use the marks SCOUT, SCOUTS, or SCOUTING alone, but seeks to prevent the BSA from continuing to use these marks, which the BSA has used as part of its family of trademarks in connection with services for girls for nearly 50 years.

### EIGHTH DEFENSE
### (FAIR USE)

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the doctrine of trademark fair use (15 U.S.C. § 1115(b)(4)), nominative fair use, and any other applicable limitation on exclusive rights offered under the Lanham Act.  To the extent Plaintiff has provided sufficient information to investigate specific allegations of literal infringement, certain of the instances are actual references to Plaintiff or are otherwise instances of classic or descriptive fair uses, including to refer to or describe the BSA or its goods or services.

### NINTH DEFENSE
### (FEDERAL CHARTER)

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, pursuant to 36 U.S.C. § 30905, which provides in part that the BSA "has the exclusive right to use emblems, badges, descriptive or designating marks, and the words or phrases that the [BSA] adopts."  The BSA has adopted the marks SCOUT, SCOUTS, and SCOUTING and used them in connection with services for girls for nearly 50 years, including but not limited to the BSA's co-ed Exploring, Venturing, Sea Scouts, and STEM Scouts programs.

## TENTH DEFENSE
## (UNCLEAN HANDS)

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the doctrine of unclean hands, including but not limited to the extent that Plaintiff's claims are premised on asserted ownership of or rights in marks that Plaintiff has knowingly abandoned, including SCOUT, SCOUTS and SCOUTING alone, without the word GIRL immediately preceding it.

## DEMAND FOR JURY TRIAL

The BSA demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38(b).

Dated:  February 8, 2019                    Respectfully submitted,

By:  /s/ *Rachel Kassabian*
Rachel Kassabian (*pro hac vice*)
rachelkassabian@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Todd Anten
toddanten@quinnemanuel.com
Jessica A. Rose
jessicarose@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Boy Scouts of America*