UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GIRL SCOUTS OF THE UNITED STATES OF
AMERICA,

                              Plaintiff,

    -against-

BOY SCOUTS OF AMERICA,

                            Defendants.
-------------------------------------------------------------- X

**ORDER DENYING MOTION FOR RECONSIDERATION**

18 Civ. 10287 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff moves[1] for reconsideration of the Court's September 3, 2020 decision, *see* ECF No. 78, denying Plaintiff's request to serve another expert report regarding a new consumer survey (the "NERA Survey"). The Court assumes the parties' familiarity with the facts and procedural history underlying this dispute. For the reasons below, Plaintiff's motion for reconsideration is denied.

       A motion for reconsideration should be granted "only if the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quotations omitted). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

       "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."

---

[1] Plaintiff moves pursuant to Local Civil Rule 6.3. *See* ECF No. 79 at 1.

*NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quotations omitted). Motions for reconsideration are "not intended to be [] vehicle[s] for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Nguyen v. MaxPoint Interactive, Inc.*, No. 15-cv-6880, 2017 WL 3084583, at *1 (S.D.N.Y. May 12, 2017); *see also Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 CIV. 1939 LTSHBP, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) ("A motion for reconsideration or reargument may not be used . . . . as a vehicle for relitigating issues already decided by the Court.").

Here, Plaintiff does not identify controlling law or factual matters overlooked by the Court, nor clear error in the order denying Plaintiff's previous request to serve the report on the NERA Survey. Instead, Plaintiff seeks to relitigate the same issues already considered and decided by the Court. *See* ECF Nos. 77, 78. Plaintiff's attempt to obtain reconsideration by characterizing the NERA Survey as a "rebuttal" is unavailing. The fact that Plaintiff's expert purportedly "re-ran" a survey similar in many respects to Defendant's survey, *see* ECF No. 77 at 5-7; ECF No. 80 at 5-6, does not change the Court's determination. And critically, these arguments have already been raised before the Court and rejected. *See Mikol*, 554 F. Supp. 2d at 500 (S.D.N.Y. 2008) ("Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied.").

Moreover, there is no manifest injustice in holding a party to its stipulated commitments. *See* ECF No. 61 (stipulating to December 19, 2019 as the deadline for

2

exchanging expert reports showing the results of any consumer surveys). Indeed, Plaintiff has already served two expert reports regarding consumer surveys in support of its claims. *See* ECF No. 77 at 6-7. Finally, even assuming arguendo that the report regarding the NERA Survey is not barred by previous scheduling orders, the Court found—and continues to find—that the additional expert report and survey would be disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b); *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("[A]s in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way."). Accordingly, the motion for reconsideration is denied.

## Conclusion

Plaintiff's motion for reconsideration is denied. The Clerk is respectfully directed to close the open motion (ECF No. 79).

SO ORDERED.

Dated: October 28, 2020
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge