**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5005

WRITER'S EMAIL ADDRESS
rachelkassabian@quinnemanuel.com

November 24, 2020

**VIA ECF**
The Honorable Alvin K. Hellerstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Defendant's request to file pages and exhibits from its motion for summary judgment under seal and/or with redactions on the public record is granted.

So ordered,
/s/ Alvin K. Hellerstein
December 1, 2020

Re:   *Girl Scouts of the United States of America v. Boy Scouts of America*, No. 18-cv-10287

Dear Judge Hellerstein:

We represent defendant Boy Scouts of America (the "BSA") in the above-referenced action. Pursuant to Your Honor's Individual Rule 4(B)(ii) and ¶ 13 of the Stipulated Protective Order (Dkt. No. 32), we write to request permission to file certain pages and exhibits from the BSA's motion for summary judgment under seal and/or with redactions on the public record.

**I.      Standard**

Any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). However, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption.

A party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g.*, *In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (ordering redactions where counsel "identifies specific harm that [defendant] will suffer if these materials are disclosed to … its competitors").

## II. Materials That The BSA Requests Be Filed Under Seal

The BSA requests leave to file the following materials under seal because they "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the BSA] at a competitive disadvantage." *Royal Park Invs. SA/NV*, 2018 WL 739580, at *19.

Attached hereto are the documents that the BSA seeks to redact (with proposed redactions indicated with yellow highlighting), along with the documents that the BSA seeks to seal in their entirety. The BSA respectfully sets forth its justifications for filing these documents under seal in the table below:

| Documents the BSA seeks to be sealed | Portions sought to be sealed | Reason for sealing |
|---|---|---|
| Mem. of Law in Support of Mot. for Summary Judgment | Portions indicated by yellow highlighting | Contains publicly identifiable information of a non-party. |
| Rule 56.1 Statement | Portions indicated by yellow highlighting | Contains publicly identifiable information of a non-party. |
| Declaration of Michael Ramsey ("Ramsey Decl.") | Portion indicated by yellow highlighting | Contains detailed, confidential financial information that would put the BSA at a competitive disadvantage if made public. |
| Exhibit NN to the Ramsey Decl. (BSA00169236) | Entire document | Contains detailed, confidential financial information that would put the BSA at a competitive disadvantage if made public. |
| Exhibit OO to the Ramsey Decl. (BSA00169237) | Entire document | Contains detailed, confidential financial information that would put the |

| | | BSA at a competitive disadvantage if made public. |
|---|---|---|
| Exhibit PP to the Ramsey Decl. (BSA00169240) | Entire document | Contains detailed, confidential financial information that would put the BSA at a competitive disadvantage if made public. |
| Exhibit QQ to the Ramsey Decl. (BSA00169241) | Entire document | Contains detailed, confidential financial information that would put the BSA at a competitive disadvantage if made public. |
| Declaration of Jane Doe 1 | Portions indicated by yellow highlighting | Contains publicly identifiable information of a non-party |
| Declaration of Jane Doe 2 | Portions indicated by yellow highlighting | Contains publicly identifiable information of a non-party |
| Exhibit OOOOOO to the Declaration of Dylan Scher ("Scher Decl.") (Supplemental Expert Report of Lauren Kindler, dated October 16, 2020) | Portions indicated by yellow highlighting | Contains confidential, competitively sensitive business information |
| Exhibit SSSS to the Scher Decl. | Portions indicated by yellow highlighting | Contains publicly identifiable information of a non-party |

## II. Materials That GSUSA Requests Be Filed Under Seal

Pursuant to the Court's Individual Rule ¶ 4.B.ii, "a party [may] seek[] leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it." Here, GSUSA has requested that the documents below be redacted or filed sealed. Pursuant to the same Rule, the BSA confirms that it met and conferred with GSUSA and in advance of this motion in an attempt to narrow the scope of the requests.

"[T]he burden of showing that specific documents deserve confidential status is on the producing party," here, GSUSA. *Ideal Steel Supply Corp. v. Anza*, 2005 WL 1213848, at *2 (S.D.N.Y. May 23, 2005) (emphasis in original).

Attached hereto are the documents that GSUSA seeks to redact (with proposed redactions indicated with blue highlighting), along with the documents that GSUSA seeks to seal in their entirety. These documents are set forth in the table below.

3

| Document(s) GSUSA seeks to be sealed | Portions sought to be sealed |
|---|---|
| Mem. of Law in Support of Mot. for Summary Judgment | Portions indicated by blue highlighting |
| Rule 56.1 Statement | Portions indicated by blue highlighting |
| Mem. of Law iso Mot. to Exclude the Report, Testimony, and Opinions of Lauren R. Kindler | Portions indicated by blue highlighting |
| Exhibit XXX to the Scher Decl. (GSUSUA_00108591) | Portions indicated by blue highlighting |
| Exhibit YYY to the Scher Decl. (GSUSA_00110311) | Entire Document |
| Exhibit BBBB to the Scher Decl (OGILVY000001) | Portions indicated by blue highlighting |
| Exhibit CCCC to the Scher Decl. (GSUSA_00142435) | Entire Document |
| Exhibit FFFF to the Scher Decl. (GSUSA_00185044) | Entire Document |
| Exhibit HHHH to the Scher Decl. (GSUSA_00124930) | Entire Document |
| Exhibit IIII to the Scher Decl. (GSUSA_00158158) | Entire Document |
| Exhibit RRRRR to the Scher Decl. (GSUSA_00068339) | Portions indicated by blue highlighting |
| Exhibit SSSSS to the Scher Decl. (GSUSA_00124772) | Entire Document |
| Exhibit TTTTT to the Scher Decl. (GSUSA_00176549) | Entire Document |
| Exhibit UUUUU to the Scher Decl. (GSUSA_00188668) | Entire Document |
| Exhibit VVVVV to the Scher Decl. (GSUSA_00167658) | Entire Document |
| Exhibit WWWWW to the Scher Decl. (GSUSA_00007199) | Entire Document |

| | |
|---|---|
| Exhibit BBBBBB to the Scher Decl. (GSUSA_00179529) | Entire Document |
| Exhibit OOOOOO to the Scher Decl. (Supplemental Expert Report of Lauren Kindler, dated October 16, 2020) | Portions indicated by blue highlighting |
| Exhibit TTTTTT to the Scher Decl. (Excerpts of Plaintiff's Amended Responses to Defendant's Interrogatories, dated October 20, 2020) | Portions indicated by blue highlighting |
| Exhibit XXXXXX to the Scher Decl. (Excerpts from the deposition transcript of Barry Horowitz, taken on September 19, 2019) | Portions indicated by blue highlighting |
| Exhibit EEEEEE to the Scher Decl. (Excerpts from the deposition transcript of Meta Trombley, taken on November 20, 2020) | Portions indicated by blue highlighting |
| Exhibit OOOOOOO to the Scher Decl. (Excerpts from the deposition transcript of Lynn Godfrey, taken on October 28, 2019) | Portions indicated by blue highlighting |
| Exhibit UUUUUUU to the Scher Decl. (Exhibit 4 to the Expert Report of Lauren Kindler, dated August 7, 2020) | Entire Document |

The BSA has notified GSUSA that it must "file, within three days, a letter explaining the need to seal or redact the materials," pursuant to Individual Rule 4(B)(ii). The BSA will consider the forthcoming letter from GSUSA and respond to that letter should the BSA oppose GSUSA's sealing requests.

**III.   Materials That Third Parties Request Be Filed Under Seal**

Pursuant to the Court's Individual Rule ¶ 4.B.ii, "a party [may] seek[] leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it. Pursuant to the same Rule, the BSA confirms that it met and conferred with Ogilvy in advance of this motion in an attempt to narrow the scope of the requests. Here, third-party Ogilvy has requested that the document below be redacted to remove personally identifiable information about non-parties. The BSA consents to this request.

Attached hereto is the documents that Ogilvy seeks to redact (with proposed redactions indicated with green highlighting).

| Document Ogilvy seeks to be sealed | Portions sought to be sealed |
|---|---|
| Exhibit BBBB to the Scher Decl. OGILVY000001 | Portions indicated by green highlighting |

The BSA has notified Ogilvy that it must "file, within three days, a letter explaining the need to seal or redact the materials," pursuant to Individual Rule 4(B)(ii). .

Respectfully Submitted,

*/s/ Rachel Kassabian*

Rachel Kassabian

*Attorneys for Defendant Boy Scouts of America*