**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S EMAIL ADDRESS
**rachelkassabian@quinnemanuel.com**

January 7, 2021

**VIA ECF**
The Honorable Alvin K. Hellerstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

So ordered,

/s/ Hon. Alvin K. Hellerstein
Jan. 8, 2021

Re:    *Girl Scouts of the United States of America v. Boy Scouts of America*, No. 18-cv-10287

Dear Judge Hellerstein:

We represent defendant Boy Scouts of America (the "BSA") in the above-referenced action. Pursuant to Your Honor's Individual Rule 4(B)(ii) and ¶ 13 of the Stipulated Protective Order [Dkt. No. 32], we write to request permission to seal or redact certain materials that contain the BSA's proprietary, commercially sensitive, or trade secret information that were filed in connection with Girl Scouts of the United States of America's ("GSUSA") Oppositions to the BSA's Motion for Summary Judgement and Motions to Exclude Expert Opinions.  GSUSA does not object to the sealing and redacting of any of these documents.  Dkt. 141 at 5.

In support of this letter to seal proprietary, commercially sensitive or trade secret information, the BSA submits the accompanying Declaration of Patrick Sterrett, Chief Operating Officer of the BSA, dated January 7, 2021 ("Sterrett Decl.").

I.    **Standard**

Any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

A party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing.  *See, e.g.*, *In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

## II.    Documents the BSA Seeks to Seal

Of the more than 290 documents GSUSA submitted with its Opposition briefs, the BSA seeks to seal or narrowly redact 42 of them.  Of these, the BSA seeks to redact the personally identifiable information of non-parties in 22 documents.  The BSA seeks the sealing or redaction of an additional 20 documents that contain proprietary and confidential material that relate to the BSA's market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy.

### A.    Personally Identifiable Information

The BSA requests that the Court redact personally identifiable information from the following 22 documents:  Ewing Exs. 63, 127, 128, 187, 188, 189, 222, 228, 229, 234, 235, 236, 239, 240, 241, 242, 243, 244, 245, 246, 247 and  251  [Dkts. 149-1, 149-22, 149-23, 149-39, 149-40, 149-41, 149-50, 149-53, 149- 54, 149-56, 149-57, 149-58, 149-59, 149-60, 149-61, 149-62, 149-63, 149-64, 149-65, 149-66, 149-67, 149-68].   The information the BSA seeks to redact from these documents includes names, addresses, and email addresses of individuals, including children, who are not parties to this lawsuit.

### B.    Market Intelligence

As detailed in the Sterrett Decl. at ¶¶ 3-5, the BSA seeks to seal or redact seven documents that contain the results of surveys and related analysis conducted by the BSA, or on the BSA's behalf. This information should not be made public, as the BSA maintains these files as confidential and making them public would place the BSA at a competitive disadvantage.  *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting redaction request for qualitative market research because "Plaintiffs would be competitively harmed if they were revealed").  Therefore, the BSA respectfully requests that the Court: (i) seal Ewing Dec. Exs. 138, 139, 140, 179 [Dkts. 149-27, 149-28, 149-29, 149-36]; and (ii) redact the highlighted portions of Ewing Ex. 83 and the Declaration of Dr. Erich Joachimsthaler and of Joachimsthaler Ex. 13 at 130 [Dkts. 149-4, 143, 143-1].

### C.    Marketing Strategy

As detailed in the Sterrett Decl. at ¶¶ 6-8, the BSA seeks to seal one document (Ewing Ex. 177) [Dkt. 149-34] and redact two others (Ewing Exs. 213, 252) [Dkts. 149-44, 149-69] that contain

information about the BSA's confidential marketing strategies. These documents contain sensitive and specific information about the BSA's marketing plans and strategies. As such, these documents should be sealed or redacted, as requested to protect the BSA's proprietary information. *See Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *5 (S.D.N.Y. Apr. 12, 2016) (confidential marketing and business development documents properly sealed when submitted in connection with motion for summary judgment); *see also* Dkt. 120 at 1 (Court granting request to seal information about "marketing and operational strategies" to "protect [movant's] proprietary information, with which the parties take no issue").

### D.   Advertising Expenditures

As detailed in the Sterrett Decl. at ¶ 9, the BSA seeks to redact one document containing deposition testimony regarding the BSA's detailed advertising expenditures for specific advertising campaigns: Ewing Ex. 86 [Dkt. 149-5]. The BSA requests narrow redactions to this testimony to redact details about advertising expenses that are maintained by the BSA in confidence and would not otherwise be made public. As such, this testimony should be redacted. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing advertising expenditures).

### E.   Analysis Regarding the BSA's Communications Strategies

As detailed in the Sterrett Decl. at ¶ 10, the BSA seeks to seal two documents (Ewing Exs. 183, 184) [Dkts. 149-37, 149-38] and to redact related deposition testimony from three BSA employees (Ewing Exs. 71, 79, 83); [Dkts 149-2, 149-3, 149-4] that discuss the BSA's confidential analysis of communications strategies. Because this information is proprietary to the BSA, is maintained as confidential in the ordinary course of the BSA's business, and would place the BSA at a competitive disadvantage were it to be made public, it should remain under seal. *See Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *3-4 (S.D.N.Y. Nov. 2, 2017); *see also* Dkt. 120 at 1.

### F.   Confidential Business Strategy

As detailed in the Sterrett Decl. at ¶¶ 11-13, the BSA seeks to seal two documents (Ewing Exs. 167, 178) [Dkts. 149-33, 149-35] and to redact an additional document and related deposition testimony (Ewing Exs. 167, 79) [Dkts. 149-33, 149-3] that contain the BSA's confidential business strategies. The information contained in these documents should remain sealed as they contain executive meeting minutes, membership and revenue projections, and other confidential business strategy information, all of which are categories of documents that may properly remain under seal. *See, e.g., Cumberland Packing Corp. v. Monsanto Co.,* 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (sealing revenue information, marketing plans, and confidential research and development); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit."); *see also* Dkt. 120 at 1.

\*       \*       \*

3

In addition to sealing the exhibits and declarations identified above, the BSA also requests that the Court permit the BSA to redact the same information described in the paragraphs above from the following documents:

(i)     GSUSA's Opposition to the BSA's Motion for Summary Judgment [Dkt. 148] (highlighted text at pp. 17, 18, 27, 72, 84, 85, 99);

(ii)    GSUSA's Response to the BSA's 56.1 Statement [Dkt. 147] (highlighted text at pp. 39-43, 44 at line 2, 57, 92, 96-98, 121 at ¶ 215, 122, 123, 128-137); and

(iii)   GSUSA's Opposition to the BSA's Motion to Exclude the Report, Testimony and Opinions of Lauren R. Kindler [Dkt. 142] (highlighted text at pp. 7, 9).

Respectfully Submitted,

Rachel Kassabian

*Attorneys for Defendant Boy Scouts of America*