DORSEY
always ahead

**BRUCE R. EWING**
**Partner**
**(212) 415-9206**
**FAX (212) 953-7201**
**ewing.bruce@dorsey.com**

February 11, 2021

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Girl Scouts of the United States of America v. Boy Scouts of America*
18-cv-10287 (AKH)

Dear Judge Hellerstein:

We are counsel to non-party Mercury Public Affairs LLC ("Mercury") and to plaintiff Girl Scouts of the United States of America ("Girl Scouts") in the above-referenced matter. Pursuant to the Court's Individual Rule 4, Mercury submits this letter in support of its application to redact a document it produced in response to a subpoena from defendant Boy Scouts of America that contains confidential, proprietary and commercially sensitive information, and that Boy Scouts has filed with its Reply in Support of its Motion for Rule 37 Sanctions (the "Reply"), *see* Dkt. 197, 200, as well as to seek redaction of discrete portions of the Reply that refer to this document and other documents Mercury and Girl Scouts sought to seal in a still-pending motion filed on January 11, 2021, *see* Dkt. 163 (the "January 11 Motion to Seal").[1] The parties met and conferred in an attempt to narrow the scope of the sealing requests made in this letter motion.[2]

The document that Mercury and Girl Scouts seek to redact contains sensitive communications between Mercury and Girl Scouts relating to the work being undertaken by Mercury.[3]

---

[1] Girl Scouts joins this motion to seek the redaction of portions of the Reply that cite to documents it previously requested be sealed, *see* Dkt. 163, and to the extent that the document that is the subject of Mercury's application contains confidential information belonging to Girl Scouts.

[2] Reference is made herein to the previously filed Declaration of Dan Wilson, a Managing Director of Mercury, dated January 11, 2021, Dkt. 164 (the "Wilson Dec."), and to the previously filed Declaration of Barry Horowitz, Girl Scouts' Chief Revenue Officer, dated January 21, 2021, Dkt. 174 (the "Horowitz Dec.").

[3] The document Mercury and Girl Scouts seek to redact is attached to the February 8, 2021 Declaration of Sara Jenkins, Dkt. 199 (the "Jenkins Dec.") as Exhibit CCC.

DORSEY always ahead



**The Court Should Redact the Confidential, Proprietary and Commercially Sensitive <u>Information in Jenkins Dec., Exh. CCC</u>**

Mercury seeks to redact Jenkins Dec., Exh. CCC, Dkt. 199-1, which contains sensitive communications strategies relating to the work undertaken by Mercury.

As with many of the documents at issue on the January 11 Motion to Seal, Jenkins Dec., Exh. CCC, is not relevant to the merits of this case, which alone should be sufficient grounds to justify its redaction. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low and amounts to little more than a prediction of public access absent a countervailing reason. Documents that play ***no role*** in the performance of Article III functions, such as those passed between the parties in discovery, ***lie entirely beyond the presumption's reach***") (emphasis added); *see also Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999) (same). Jenkins Dec., Exh. CCC, is cited by Boy Scouts in connection with a discrete, non-merits-related application[4], not for any substantive reason relating to any of the claims at issue in this case. *See* January 11 Motion to Seal at 3; Mercury and Girl Scouts' January 19, 2021 Reply to Boy Scouts' Opposition to their Motion to Seal, Dkt. 169 (the "January 19 Reply") at 1-2.

Beyond the lack of relevance, it is well established that "[c]onfidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-7417, 2017 U.S. Dist. LEXIS 182474, at *5-6 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing); *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 LEXIS 49029, at *9 (S.D.N.Y. Apr. 12, 2016) (marketing and business development documents properly sealed); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing advertising expenditures and plans, merchandising strategies, policies, and sales information); *Cumberland*, 184 F.R.D. at 506 ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."). Jenkins Dec., Exh. CCC contains both Mercury and Girl Scouts confidential information that merits redaction.

Jenkins Dec., Exh. CCC concerns the Girl Scouts' media and communications strategies with which Mercury was retained to assist. All of the communications between Mercury and Girl Scouts regarding Girl Scouts' media and communications strategies were kept confidential by Mercury, as is its custom. Wilson Dec., ¶ 7. In fact, that Mercury's clients can trust it to keep highly-sensitive details about their business confidential is crucial to Mercury's business.

[4] Although MERCURY_00007531 was attached as Exhibit CCC to the Jenkins Declaration, Boy Scouts cites it mistakenly as Jenkins Dec., Exh. BBB in its Reply, at n. 3 and page 10.

DORSEY
always ahead



Disclosure could also cause other clients or potential clients of Mercury to question whether Mercury can keep communications private, which could only negatively impact Mercury's business. *Id*., ¶ 8.

Jenkins Dec., Exh. CCC should also be redacted because it concerns Girl Scouts' confidential discussions regarding its communications strategies. Allowing disclosure of Girl Scouts' sensitive communications strategies would put it at a competitive disadvantage. *See* Horowitz Dec., ¶ 2. The Court should allow this document to be filed with redactions, as it has with qualitatively similar documents. *See* Dkt. 162 (granting Dkt. 160, Boy Scouts' letter motion to seal certain documents, including those concerning communications strategies).

Moreover, Mercury's status as a non-party provides enhanced protection to its confidential materials. *See Amodeo*, 71 F,3d at 1050-51 (reversing decision to release report that included information about third-party law firm, directing that "privacy interests of innocent third parties should weigh heavily in a court's balancing equation"); *see also Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-cv-6608 (PKC) (JCF), 2014 U.S. Dist. LEXIS 122732, at *2, 5 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be sealed, including because they were submitted in support of a non-dispositive motion to compel discovery); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-cv-1209 (CSH), 2013 U.S. Dist. LEXIS 110400, at *59 (D. Conn. Aug. 5, 2013) (sealing information "in light of its non-party status and the potential for harm to its reputation and business from the release of its commercially sensitive business information"). Irrespective of any argument Boy Scouts attempts to make regarding whether a version of this document should have been produced by Girl Scouts, *see* Reply at 13, this does not change the fact that Jenkins Dec., Exh. CCC, is, in fact, a document produced by Mercury.

**The Court Should Redact Portions of the Reply that Reference Information Contained in the Documents that Were the Subject of the January 11 Motion to Seal**

Mercury and Girl Scouts also seek to redact the portions of the Reply that reference information contained in the documents that were the subject of Girl Scouts' January 11 Motion to Seal. *See* January 11 Motion to Seal; January 19 Reply. The Mercury documents that were at issue in that letter motion concerned: (a) confidential communications between Mercury and Girl Scouts relating to work being undertaken by Mercury on behalf of Girl Scouts; (b) Mercury's internal deliberations regarding that work; and (c) related confidential communications with members of the press.[5]

---

[5] In addition, Girl Scouts sought separately to redact two documents: Exhibit YY to the December 31, 2020 Declaration of Sara Jenkins (the "December 31 Jenkins Dec."), which concerned Girl Scouts' confidential market research and analysis, a request that was not opposed by Boy Scouts, and Exhibit ZZ to the December 31 Jenkins Dec., a version of a Board presentation that this Court already allowed to be filed with redactions in connection with the Boy Scouts' Motion for Summary Judgment. *See* Dkt. 116, 120 (allowing Scher Dec., Exh. RRRRR, Dkt. 103-81, to be filed with redactions).

DORSEY
always ahead



Disclosure of the information contained in any of these documents would put Mercury at a competitive disadvantage. Clients hire Mercury to help them navigate the public relations aspects of sensitive business matters. Potential clients will not hire Mercury if they cannot feel assured that the confidential information they impart to Mercury will remain confidential. *See* Wilson Dec., ¶ 8. Additionally, Mercury will be at a competitive disadvantage if the strategies it employs for its clients are not kept confidential. *See* January 11 Motion to Seal at 4.

Additionally, a number of the documents from the January 11 Motion to Seal concern confidential communications between Mercury and the press. As part of Mercury's media relations business, it must maintain good relationships with journalists, and it is generally understood that these communications will be treated as confidential. *See* Wilson Dec., ¶¶ 9-10. If these documents were made public, it would jeopardize Mercury's relationship with the media and disclose to its competitors how it conducts business, putting Mercury at a competitive disadvantage. *See id.,* ¶¶ 9-13; January 11 Motion to Seal at 4-5.

Finally, other documents contain internal Mercury communications regarding the services it was providing to Girl Scouts. Mercury does not reveal its internal communications regarding clients, given that such communications necessarily address private client information, strategies being formulated or employed for clients, and communications with the media. Wilson Dec., ¶ 14. The disclosure of any of the foregoing types of information would harm Mercury competitively by disclosing the business strategies it utilizes for its clients. *See* January 11 Motion to Seal at 5-6.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

/s/ *Bruce R. Ewing*

Bruce R. Ewing

Cc: All Counsel of Record (by ECF)