UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
:
:
GIRL SCOUTS OF THE UNITED STATES OF : **ORDER GRANTING IN PART**
AMERICA, : **AND DENYING IN PART**
: **MOTION TO SEAL OR**
Plaintiff, : **REDACT**
:
v. : 18 Civ. 10287 (AKH)
:
:
:
BOY SCOUTS OF AMERICA, :
:
Defendant. :
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff moved on December 23, 2020, to file certain pages and exhibits in connection with its opposition to Defendant's motion for summary judgment under seal or with redactions on the public record. *See* ECF No. 141. For the following reasons, Plaintiff's motion is granted in part and denied in part.

      As a preliminary matter, it should be noted that there is a constitutional and common law presumption of public access to judicial documents, especially in a case where, as here, the public has a vested interest. The federal courts recognize a general common law right of public access to court records and proceedings. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access ensures that courts have a measure of accountability, allows public monitoring, and furthers the public interest in understanding the judicial process. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Supreme Court has also recognized a constitutional right of access under the First Amendment. *See Globe Newspaper Co. v. Super. Ct. for Norfolk Cty.*, 457 U.S. 596, 603 (1982); *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (extending the constitutional

right of access in criminal trials to civil proceedings and particular judicial documents). In this Circuit, the constitutional right of access applies to documents filed in connection with a summary judgment motion in civil cases. *See Lugosch*, 435 F.3d at 124.

Against this backdrop of constitutional and common law presumption in favor of public access, the Court is obligated to closely examine Plaintiff's request on a document-by-document basis. First, Plaintiff requests redactions of personally identifiable information of individuals, including minors, who are not parties to this lawsuit. *See* ECF No. 141, at 2. The relevance of these non-parties' names, addresses, and e-mail addresses is minimal to the merits of this lawsuit, and the Court finds that redactions are proper pursuant to both the letter and spirit of Rule 5.2 of the Federal Rules of Civil Procedure.

Second, the Court finds that materials in the following documents are properly placed under seal or redacted to protect Plaintiff's proprietary business, strategic, and marketing information, with which the parties take no issue.

- ECF No. 143.
- ECF No. 144, Ex. 37.
- ECF No. 149, Ex. 97, 123, 144, 227, and 290.

Third, the Court finds that Plaintiff's requests to redact materials in the following documents cannot be granted at this time for seemingly clerical errors. Plaintiff is hereby ordered to resubmit corrected versions for the Court's further consideration.

- ECF No. 143, Ex. 13. The document submitted for consideration is redacted. The Court cannot examine the underlying information that Plaintiff seeks to redact.

- ECF No. 149, Ex. 132. The document submitted does not contain any highlighted portions, as suggested in Plaintiff's motion. *See* ECF No. 141, at 4. The Court cannot examine the underlying information that Plaintiff seeks to redact.

Fourth, upon close inspection and notwithstanding the Court's prior orders, the parties' requests to seal or redact materials in the following documents are denied, to the extent that the materials do not contain any personally identifiable information.

- ECF No. 142 and ECF No. 142, Ex. 287.  The highlighted portions on pages 10, 11, and 13 are material to the parties' claims and defenses. The highlighted portions in Exhibit 287 are relevant to the issue of damage.

- ECF No. 144, Ex. 49.  The exhibit implicates matters of public knowledge and does not contain any proprietary or sensitive information, consistent with the Court's prior ruling.  *See* ECF No. 120.

- ECF No. 145 and ECF No. 145, Ex. 285.  The highlighted portions implicate matters of public knowledge, do not contain any proprietary or sensitive information, and are relevant to the issue of damage.

- ECF No. 147.  The highlighted portions are material to the parties' claims and defenses.

- ECF No. 148.  The highlighted portions are material to the parties' claims and defenses.

- ECF No. 149, Ex. 96.  The highlighted portions are relevant to the issue of damage.

- ECF No. 149, Ex. 107.  The highlighted portions on pages 13, 14, and 17 are relevant to the issue of damage.

- ECF No. 149, Ex. 137.  The highlighted portions on page 10 implicate matters of public knowledge and do not contain any proprietary or sensitive information.  The highlighted portions on page 15 are relevant to the issue of damage.

Accordingly, Plaintiff is hereby ordered to refile ECF Nos. 142–49, in accordance with this order, and resubmit corrected versions of ECF No. 143, Ex. 13 and ECF No. 149, Ex. 132, for the Court's further consideration.  The Clerk of Court is instructed to terminate the open motion (ECF No. 141).

SO ORDERED.

Dated:  February 17, 2021         _____/s/_____
        New York, New York        ALVIN K. HELLERSTEIN
                                  United States District Judge