UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GIRL SCOUTS OF THE UNITED STATES OF AMERICA,

          Plaintiff,

v.

BOY SCOUTS OF AMERICA,

          Defendant.

---

**ORDER REGARDING PRINCIPLES OF SEALING AND REDACTION**

18 Civ. 10287 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties moved to file voluminous documents under seal or with redactions on the public record. *See* ECF Nos. 153, 163, 173, 186, 198, 207, 208. The Court scheduled a conference via Microsoft Teams to resolve the various sealing and redaction issues, to be held tomorrow, March 3, 2021, between 11:00 a.m. and 1:00 p.m. *See* ECF No. 179. In deciding the sealing and redaction applications, the Court will be guided by the following principles, to which the parties should be prepared to conform when making their arguments.

      There is a constitutional and common law presumption of public access to judicial documents, especially in a case where, as here, the public has a vested interest. The federal courts recognize a general common law right of public access to court records and proceedings. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access ensures that courts have a measure of accountability, allows public monitoring, and furthers the public interest in understanding the judicial process. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Supreme Court has also recognized a constitutional right of access under the First Amendment. *See Globe Newspaper Co. v. Super. Ct. for Norfolk Cty.*,

457 U.S. 596, 603 (1982); *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (extending the constitutional right of access in criminal trials to civil proceedings and particular judicial documents). As such, judicial documents "should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). However, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. A document is relevant to the performance of a judicial function if it "would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original). If the item qualifies as a judicial document, the court will then weigh the competing interests of access, considering "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013). A district court also considers "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) ("The relevant materials reflect sensitive medical, financial, educational, and other personal information pertaining to non-parties, and the Court finds that the privacy interests of those non-parties outweigh any public interest in disclosure . . . .") (Nathan, J.).

SO ORDERED.

Dated: March 2, 2021 _____/s/_____
New York, New York ALVIN K. HELLERSTEIN
United States District Judge