quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S EMAIL ADDRESS
rachelkassabian@quinnemanuel.com

March 23, 2021

**BY ECF**
The Honorable Alvin K. Hellerstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

The motion addressed in this letter (ECF No. 150) was withdrawn on March 23, 2021. However, the motion was not marked closed at the time. The motion is withdrawn, and the Clerk shall terminate ECF No. 150. So ordered.
/s/ Alvin K. Hellerstein
February 17, 2022

Re:   *Girl Scouts of the United States of America v. Boy Scouts of America*, No. 18-cv-10287

Dear Judge Hellerstein:

We represent defendant Boy Scouts of America (the "BSA") in this action. We write concerning the BSA's pending Motion for Sanctions against the Girl Scouts of the United States of America ("GSUSA") Pursuant to Rule 37 [ECF No. 150] (the "Rule 37 Motion"). The Rule 37 Motion concerns the BSA's request to recover the attorneys' fees it incurred as a result of GSUSA's failure to produce responsive documents from its own files that would have revealed the frivolous nature of its dilution-by-tarnishment claims. Because GSUSA improperly withheld these documents, the BSA did not learn that GSUSA had secretly engineered the negative publicity it alleged as proof that GSUSA's brand had been tarnished until much later in discovery, in response to a third-party subpoena. *See* Dkt. 1, ¶ 86 & n.2. GSUSA's withholding of these documents thus forced the BSA to conduct significant additional discovery concerning the baseless nature of GSUSA's claims. Once the BSA ultimately learned that GSUSA had manufactured the planting of negative publicity about the BSA and then used that negative publicity to support its tarnishment claims, the BSA served a Rule 11 motion on GSUSA, which proved dispositive and led to GSUSA's dismissal of those claims with prejudice.

At the Court's March 3, 2021 hearing regarding GSUSA's pending sealing motions, the Court acknowledged that the Rule 37 Motion was not on the agenda for argument that day, noting that the Court subsequently "will consider the papers separately and make a ruling." 3/3/2021 Hr'g Tr. at 50:22-23. At another point in the hearing, the Court stated a preference to focus at this time on the BSA's pending motion for summary judgment [ECF No. 97], and encouraged the BSA to voluntarily withdraw its Rule 37 Motion without prejudice to its re-filing at a later time. 3/3/2021 Hr'g Tr. at 58:9-21.

Because the Rule 37 Motion seeks relief in the form of recovery of the BSA's attorneys' fees for defending itself against GSUSA's tarnishment claims, the BSA is amenable to raising its request for such fees at a later time, such as when the Court takes up the issue of attorneys' fees following the disposition of the BSA's motion for summary judgment. The BSA recognizes that

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

the Rule 37 Motion may be unnecessary if: (1) the BSA prevails on summary judgment; and (2) the Court awards the BSA its attorneys' fees under the Lanham Act.  15 U.S.C. § 1117(a).

Accordingly, given that the Court has not yet reached the BSA's Rule 37 Motion, and in light of the Court's stated preference to first reach the merits via summary judgment, the BSA voluntarily withdraws its Rule 37 Motion without prejudice to its right to re-file it and/or raise the issues presented in the motion following the Court's resolution of the BSA's motion for summary judgment.

Respectfully submitted,

Rachel Kassabian

*Attorneys for Defendant Boy Scouts of America*